## IN THE UNITED STATED DISTRICT COURT FOR THE
## DISTRICT OF MINNESOTA

ANITA FISHER, on Behalf of Herself
and Others Similarly Situated,

　　　　　　　Plaintiff,

v.

SETERUS, INC. and NATIONSTAR
MORTGAGE LLC (*as successor in
interest to Seterus, Inc.*),

　　　　　　　Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.:


**CLASS ACTION COMPLAINT**
[JURY TRIAL DEMANDED]

Anita Fisher ("Ms. Fisher" or "Plaintiff"), on behalf of herself and all others similarly situated, files this Class Action Complaint against Seterus, Inc. ("Seterus") and Nationstar Mortgage LLC ("Nationstar") (collectively "Defendants") and states:

### NATURE OF THE ACTION

1.　　This is a consumer protection action brought by Plaintiff and on behalf of others similarly situated to obtain redress from Seterus' systematic use of unlawful and unfair debt collection practices to collect upon residential consumer mortgage loans.

2.　　Specifically, during all relevant time periods, Seterus sent borrowers form letters alleging that the borrowers are in default of their mortgages and that the failure to immediately make a ***full and complete*** payment of all arrearages will result in immediate acceleration of their loan (hereinafter referred to as the "Minnesota Final Letter").

3.　　However, the false ultimatum contained in the Minnesota Final Letter contradicts Seterus' actual policy to ***never*** accelerate a loan so long as *any* payment

sufficient to bring the loan less than 45 days delinquent is made prior to the expiration date set forth in its Minnesota Final Letter.

4.    The Minnesota Final Letter sent by Seterus to Plaintiff and others similarly situated is a false and misleading threat of acceleration and foreclosure designed to intimidate borrowers into making payments to Seterus that are beyond their means and beyond what is necessary to avoid acceleration and save their homes from foreclosure.

5.    This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Minnesota state law.

6.    This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all borrowers to whom Seterus has sent and will send one or more Minnesota Final Letters pursuant to Seterus' standardized policies and procedures during the applicable statute of limitations period in violation of the law as further set forth herein.

## JURISIDICTION AND VENUE

7.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, because a cause of action asserted in this complaint arises under the laws of the United States, and 15 U.S.C. § 1692k(d).

8.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 in that the state law allegations contained herein are so related to the claims asserted under 15 U.S.C. § 1692 *et seq*. over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant engages in business in this District and a substantial amount of the events giving rise to this Complaint occurred in this district.

## **PARTIES**

10.    Plaintiff Anita Fisher is over the age of the majority and was a citizen and resident of Washington County, Minnesota.

11.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.    During all relevant time periods, Seterus was a corporation organized and existing under and by virtue of the laws of the State of Delaware.

13.    During all relevant time periods, Seterus' headquarters or principal place of business was in Research Triangle Park, North Carolina.

14.    During all relevant time periods, Seterus frequently acted as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), including with regard to Plaintiff's mortgage loan because Seterus obtained the servicing rights while in a state of default.

15.    Seterus is regularly engaged in the business of collecting debts in the State of Minnesota and Washington County, Minnesota.

16.    On March 27, 2019, Seterus filed a Certificate of Merger indicating that it was merging with Nationstar Mortgage LLC under the name of Nationstar Mortgage LLC.

17.    Nationstar Mortgage LLC is a Limited Liability Company with a principal place of business in Coppell, Texas.

18.    At all times relevant hereto, Nationstar has conducted business within the State of Minnesota.

19.    Nationstar Mortgage LLC is a Delaware Limited Liability Company.

20.    Upon information and belief, Nationstar Mortgage LLC is the successor in interest to Seterus, Inc. and liable for the acts attributed to Seterus Inc. herein.

21.    Upon information and belief, Nationstar Mortgage LLC has acquired all assets and liabilities appurtenant to Seterus, Inc.'s mortgage servicing activities.

22.    Defendants' employees, affiliates, directors, agents, and attorneys act under the direction and supervision of Defendants and, therefore, Defendants are responsible and/or vicariously liable for the actions of their employees, affiliates, directors, agents, and attorneys under, *inter alia*, the theory of *respondeat superior*.

## FACTUAL ALLEGATIONS

23.    Seterus was a servicer of mortgages for residential housing loans owned, backed, or controlled by Federal National Mortgage Association ("Fannie Mae").

24.    As a mortgage servicer, Seterus contracted with Fannie Mae to collect payments, fees, and other amounts owed by the homeowner and to provide other "services" to investors relating to the homeowner's loan.

25.    Upon information and belief, Nationstar was aware of the mortgage servicing activities of Seterus at the time of the merger.

26.    Upon information and belief, Nationstar was aware of litigation around the country alleging that Seterus' use of letters materially similar to the Minnesota Final Letter at the time of the merger.

4

27.    Seterus earns money based upon a percentage of the funds that it collects from consumers' mortgage payments as well as through the assessment of late fees and other penalties.

28.    Upon information and belief, Seterus serviced hundreds of thousands of loans throughout the United States, including Plaintiff's mortgage loan.

29.    Upon information and belief, Seterus is not a bank and does not lend money to purchasers for home loans.

30.     Upon information and belief, Seterus is not owned or controlled by a bank, corporation or association engaged in accounting, bookkeeping, or data processing services where a primary component of such services is the rendering of statements of accounts and bookkeeping servicers for creditors.

31.    Because Seterus does not originate customers' home mortgage loans, it only becomes involved with a customer if it acquires the servicing rights to a portfolio of loans from Fannie Mae or if Fannie Mae agrees to allow Seterus to purchase the servicing rights to a portfolio of loans from another servicer.

32.    When Seterus acquired the servicing rights to particular loan portfolios, many of the loans, if not the majority of the loans, contained therein were delinquent.

33.    Other loans contained in Seterus' portfolios became delinquent during the course of Seterus' servicing of the loans.

34.    Upon information and belief, when loans for Minnesota customers become more than 45 days delinquent, Seterus sends a letter that it refers to as a "Minnesota Final

Letter" to coerce and intimidate the borrower into paying the entire default amount of the loan within a false deadline.

<u>Plaintiff Anita Fisher</u>

35.    Ms. Fisher is an owner of a residential home located at 4652 Hayward Road North, Oakdale, MN 55128.

36.    Ms. Fisher's home is secured by a mortgage owned, backed, or controlled by Fannie Mae that was serviced by Seterus at all times relevant hereto.

37.    Upon information and belief, Chase Bank sent correspondence to Ms. Fisher in 2014 alleging payments were past due resulting in an amount due inclusive of late fees and delinquency expenses.

38.    Upon information and belief, Ms. Fisher's mortgage was in a state of default when it was transferred to Seterus for servicing because she was delinquent with one or more monthly mortgage payments.

39.    Upon information and belief, Ms. Fisher's mortgage was in a state of default when Seterus obtained rights or obligations *vis a vis* Ms. Fisher's mortgage because she was delinquent with one or more monthly mortgage payments.

40.    Upon information and belief, Ms. Fisher's mortgage was in default on the "closing date" of the Servicing Transfer Agreement because she was delinquent with her monthly mortgage payment.

41.    Upon information and belief, Ms. Fisher's mortgage was in default on the date the Notice of Transfer was sent to Fisher because she was delinquent with her monthly mortgage payment.

42.    Upon information and belief, Ms. Fisher's mortgage was in default on the purported "effective date" of the servicing transfer because she had several outstanding fees and/or charges.

43.    Upon information and belief, Ms. Fisher's mortgage was in default on the date that Seterus obtained rights or responsibilities *vis a vis* Ms. Fisher's mortgage.

<u>Seterus' Minnesota Final Letters</u>

44.    Upon information and belief, **Exhibit A** is substantially the same letter sent to all borrowers in Minnesota who are more than 45 days delinquent on a loan that Seterus' services.

45.    The Minnesota Final Letter specifically states:

> If full payment of the default amount is not received by us . . . on or before the Expiration Date, **we will accelerate** the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

> Exhibit A (*emphasis added*; capitalization in the original).

> The Minnesota Final Letter further states:

> If you send only a partial payment, the loan still will be in default. Additionally, we may keep the payment and accelerate the maturity date.

> *Id.*

46.    Attached as **Exhibit A** is a true and correct copy of a Minnesota Final Letter sent to and received by Plaintiff Anita Fisher.

47.     Seterus has contractual obligations to provide notices to borrowers like Plaintiff regarding their default status.

48.     Rather than simply providing notice, Seterus instead utilizes the notice to make false threats to accelerate borrowers' loans.

49.     The Minnesota Final Letters create a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan if "full payment of the default amount is not received . . . on or before the Expiration Date."

50.     Seterus' actual policy, attested to by a Rule 30(b)(6) Deponent, is to ***never*** accelerate a loan that is less than 45 days delinquent.

51.     The following is a relevant portion of Seterus' deposition[1]:

> Q. My understanding of your testimony just now is that if Seterus receives a payment in response to an NC Final, then the debt is no longer 45 days due and so that's sufficient to hold off the acceleration process?
> A. That's correct.
>
> Q. Okay. And is that -- is that Seterus' policy just with regard to North Carolina[2]?
> A. That's Seterus' policy for the loans where we are accepting payments and we're able to apply full contractual payment to the loan.

---

[1] *See* attached **Exhibit B** (a true and accurate copy of pages 177-180 of Seterus' 30(b)(6) deposition) and **Exhibit C** (a true and accurate copy of the corresponding Notice of Deposition to Seterus Inc.).

[2] This excerpt is of a deposition taken in North Carolina regarding a NC Final Letter; however, the NC Final Letter at issue in this deposition excerpt is substantially similar to the Minnesota Final Letters discussed in this Complaint and the legal issues are virtually identical.

Q. Okay. So in response to a letter like Exhibit 11[3], Seterus' policy, if they're accepting payments, is if they receive an amount equal to a normal monthly payment, they will not accelerate the debt?

A. As long as, right, it brings the loan less than 45 days due.

Q. Okay. Where does it say that in this letter that if you make one payment or enough such that one payment is recorded, we won't do this, or does it say that?

A. Well, the expiration date provides really the -- the timeline where the customer needs to make some sort of payment so that the 45 days are not past due.

Q. Not some sort of payment, $3,204.72, that's what it says, right?

A. Yes. And we're allowing the customer, we're also -- yes. We would like the $3,204.72. But our objective is not to foreclose on our customers. Our objective is to be able to take -- even if it's a partial payment, if where -- if they're in the bucket where a partial payment can be made, our objective is to collect that payment to help them stay in their house. Because them making payments, staying in their house helps us in our business as well. Foreclosing on them is really not, you know, helpful to us nor to them.

Q. Yeah.

A. And so therefore, this letter is sent out per the guidelines that are outlined and we allow the customer -- we allow the customer to make that partial payment. And then when a full -- if a partial payment does not equal the contractual payment, then your -- then this letter still -- still stands. But because a contractual payment is able to be applied to the loan account, then we don't have to continue with the -- this letter.

(Seterus Dep. at pp. 177:11-180:10, Exhibit B).

52.    Upon information and belief, Seterus will not accelerate borrowers' loans

and proceed to foreclosure even if the borrower fails to make a payment equal to the default

---

[3] Exhibit 11 (a true and accurate copy of which is attached hereto as **Exhibit D)** was an NC Final Letter substantially similar to **Exhibit A.**

amount listed in the Minnesota Final Letters *and* fails to make any payments that come due during the notice period.

53.    Put simply, Seterus does not accelerate loans in the manner threatened by its Minnesota Final Letters in the usual course of business.

54.    The Minnesota Final Letters misrepresent the conditions under which Seterus intends to accelerate loans and materially deceive consumers into believing their loans *will* be accelerated if they fail to fully cure their default prior to the Expiration Date.

55.    The Minnesota Final Letters cause borrowers, including Ms. Fisher, to believe that they are at risk of acceleration and foreclosure if all arrearages to Seterus are not paid within the time period identified in the Minnesota Final Letters.

56.    The Minnesota Final Letters cause borrowers to believe that they will lose their homes if they do not become current on their loan within the time period identified in the letter.

57.    The Minnesota Final Letters misrepresent Seterus' intentions and present consumers with a false ultimatum that they satisfy all arrearages within the false deadline identified in the Minnesota Final Letter, or face acceleration and ultimately foreclosure.

58.    The Minnesota Final Letters are materially misleading in that they threaten consumers, including Ms. Fisher, with acceleration and foreclosure when Seterus has neither the present intent, nor the present ability, to undertake such actions.

59.    The empty threats of acceleration and foreclosure contained within the Minnesota Final Letters are clearly designed to scare and intimidate individuals into paying delinquent amounts.

60.    The empty threats of acceleration and foreclosure contained within the Minnesota Final Letters have the potential of causing individuals, including Ms. Fisher, to send additional money to Seterus that, absent the false and misleading statements, they could have utilized on other necessary expenditures, including food and utility payments.

61.    The empty threats of acceleration and foreclosure make it impossible for a consumer to make a rational decision in response to the Minnesota Final Letter because it threatens immediate, irreversible consequences.

62.    The empty threats of acceleration and foreclosure are designed to scare consumers into making payments they otherwise may not.

63.    Seterus understands the frightening and unnerving nature of the misrepresentations utilized in its Minnesota Final Letters.

64.    Upon information and belief, the Minnesota Final Letters were purposefully crafted in such a way to frighten and intimidate consumers into paying money to Seterus.

65.    Accordingly, the Minnesota Final Letters threaten action not actually intended to be taken by Seterus in the ordinary course of business and constitute unfair threats, coercion, or attempts to coerce payments from consumers in violation of the FDCPA.

66.    Upon information and belief, Seterus uses the identical above language in all of its Minnesota Final Letters that are sent to borrowers who are in default.

67.    Plaintiff has received numerous Minnesota Final Letters substantially identical to **Exhibit A.**

68.    Upon information and belief, each class member has received one or more Minnesota Final Letter.

69.    Each Minnesota Final Letter constitutes a separate violation of the FDCPA, in that, *inter alia*, the Minnesota Final Letter threatens to take action not taken in the ordinary course of business nor intended to be taken in the particular instance.

70.    Each Minnesota Final Letter creates a false sense of urgency designed to unfairly coerce payments from consumers in that the letters indicate an intent to accelerate indebtedness if the arrearages are not cured by the deadline set forth in the Minnesota Final Letters; however, pursuant to Seterus' actual corporate policy discussed *supra*, Seterus does not actually intend to follow through with its false ultimatum so long as consumers *partially* satisfy their arrearage.

71.    Moreover, each Minnesota Final Letter misrepresents Seterus' legal ability to foreclose to the extent the Minnesota Final Letters have the capacity to mislead the least sophisticated consumer into believing that Seterus has the legal right to foreclose on loans that are less than 120 days delinquent and/or that Seterus has the legal right to foreclose without providing additional notice to the consumer.

72.    As a result of the forgoing, Plaintiff has experienced anxiety, stress, anger, frustration, and mental anguish which is fairly traceable to her receipt of Minnesota Final Letters containing the false ultimatums which, *inter alia*, caused informational harms, violated substantive rights to be free from unfair and abusive debt collection communications, and misled Plaintiff with regard to the amount of money that had to be paid and when it needed to be paid to save her home from acceleration and/or foreclosure.

## CLASS ALLEGATIONS

73.     The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

74.     Pursuant to Federal Rules of Civil Procedure 23, Plaintiff has brought this action individually and on behalf of a class which is defined as:

> All Minnesota consumers whose servicing rights were acquired by Seterus after their loan was in default and who received a letter from Seterus substantially similar or materially identical to the Minnesota Final Letter delivered to Plaintiff (**Exhibit A**), within the applicable statute of limitations.

75.     Excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants and any entity in which Defendants have a controlling interest in Defendants and their legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the Class.

76.     *Numerosity*: Upon information and belief, Plaintiff believes that the putative Class is at least 100 consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

77.     Although Plaintiff is unable to identify the exact number of members of the Class because that information is in the possession of Seterus, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Seterus' business records.

78.    *Commonality*: Seterus, in seeking to collect Plaintiff's mortgage loan debt and the debt of each member of the proposed class, sent letters threatening to accelerate each Class members' debt when it had no intention to accelerate the debt.

79.    Each and every member of the proposed Class is subject to Seterus' policies and procedures.

80.    Seterus frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

81.    Each member of the proposed Class are "consumers," as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

82.    Each member of the proposed Class has a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

83.    Each member of the proposed Class has a debt for which Seterus acquired the servicing rights after the debt was in default.

84.    Furthermore, common questions of law and fact predominate over any individual issues that may be presented, because Seterus has a pattern, practice and policy of communicating with all borrowers in a manner that violates federal and state collection laws.

85.    Common questions include, but are not limited to: whether Seterus' pattern, practice, and policy of collecting and/or attempting to collect debt through the use of the Minnesota Final Letter, or some other written correspondence substantially similar to the Minnesota Final Letter, constitutes a violation of the FDCPA; whether the Minnesota Final

Letter constitutes a negligent misrepresentation; and whether, as a result of Defendants' conduct, Plaintiff and the Class are entitled to actual and/or statutory damages.

86.    *Typicality*: The claims of Plaintiff is typical of the claims of the proposed Class and all are based on the same facts and legal theories, as all such claims arise out of Seterus' conduct.

87.    *Adequate Representation*: Plaintiff is an adequate representative of the Class in that she does not have antagonistic or conflicting claims with other members of the Class. Plaintiff has also retained counsel experienced in the prosecution of complex class actions, specifically including consumer class actions.

88.    Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of the responsibilities to the putative Class and has accepted such responsibilities.

89.    *Predominance and Superiority*: The Class is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable.

90.    Should individual class members be required to bring separate actions, this Court or courts throughout Minnesota would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.

91.    In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

92.    Further, Seterus has acted and refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

93.    All conditions precedent for filing this action have been met.

### FIRST CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)**

94.    The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

95.    Defendants often act as a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

96.    Defendants act as "debt collectors" in servicing Plaintiff's and similarly situated consumers' mortgages because their loans were in default at the time Seterus obtained rights and responsibilities with regard to the loans.

97.    Seterus' correspondence to Plaintiff and the Class set forth herein as **Exhibit A** expressly state, "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR." (emphasis in original).

98.    Plaintiff and all members of the Class are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

99.    At all material times, Plaintiff's debt and the debts of the Class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

100.    Collection letters, such as the one attached to this Complaint as **Exhibit A,** are to be evaluated by the objective standard of the hypothetical "least sophisticated" consumer test.

101.    FDCPA 15 U.S.C. § 1692e states in pertinent part:

> A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

102.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and threatened to take action that it could not legally take.

103.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

104.   Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692e in that it falsely represented its intention to accelerate and foreclose on Plaintiff's and the Class members' homes in an effort to induce the payment of additional funds.

105.   Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it misrepresented its intentions and presented Plaintiff and the Class with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Minnesota Final Letters, or face acceleration and ultimately foreclosure.

106.   Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

107.   Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692e by using false representations and deceptive means, including empty threats of acceleration and foreclosure.

108.   FDCPA section 1692f states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

109.   Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692f in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

110.   Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692f in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home, and the homes of members of the Class, in an effort to induce the payment of additional funds.

111.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692f, in that it misrepresented its intentions and presented Plaintiff and the Class with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Minnesota Final Letters, or face acceleration and ultimately foreclosure.

112.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692f, in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

113.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692f by using unfair and unconscionable means, including empty threats of acceleration and foreclosure.

114.    As a result of Seterus' unlawful attempts to collect debt, Plaintiff and the Class are entitled to actual and statutory damages, as well as their reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**
**(Negligent Misrepresentation)**

115.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

116.    In the Minnesota Final Letters, Seterus made representations to Plaintiff and Class Members as set forth in this complaint.

117.    Those representations were false.

118.    When Seterus made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

119.    Seterus intended to induce Plaintiff and members of the Class into relying upon these misrepresentations.

120.    Seterus also knew that Plaintiff and members of the Class were relying on the representations.

121.    In reliance upon the representations, Plaintiff and Class Members used their funds to pay the entire balance when they could have made a partial payment and used their funds on other necessary living expenses.

122.    As a direct and proximate result of Seterus' negligent misrepresentations, Plaintiff and Class Members have been damaged as set forth in this complaint.

123.    As a direct and proximate result of the foregoing, Plaintiff and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Anita Fisher, and all others similarly situated pray the Court for judgment as set forth below:

a)    Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

b)    Declaring that Defendants, or either of them, have violated the FDCPA in the ways alleged in this Class Action Complaint;

c)    Declaring Defendants' statements in the Minnesota Final Letters were actionable Negligent Misrepresentations;

d)    Enjoining further violations of these statutes by Seterus and its successor in interest;

e)    Awarding Plaintiff and the Class damages for all causes of action, including statutory damages;

f)    Awarding Plaintiff and the Class their reasonable attorneys' fees and costs incurred;

g)    Ordering that the costs of this action be taxed to Defendants, or either of them; and,

h)    Providing such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 24th day of May, 2019.

<div style="margin-left:40%">

*/s/Michelle J. Looby*

Jason S. Kilene (#024773X)
Michelle J. Looby (#0388166)
Ling S. Wang (#0399447)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
jkilene@gustafsongluek.com
mlooby@gustafsongluek.com
lwang@gustafsongluek.com

</div>

WHITFIELD BRYSON & MASON LLP
Scott C. Harris (to be admitted *pro hac vice*)
N.C. Bar No. 35328
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-500
Facsimile: (919) 600-5035
scott@wbmllp.com

MAGINNIS LAW, PLLC
Edward H. Maginnis (to be admitted *pro hac vice*).
N.C. State Bar No. 39317
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: (919) 526-0450
Facsimile: (919) 882-8763
emaginnis@maginnislaw.com

*Attorneys for Plaintiff and the putative Class*