From:



**seterus**

PO Box 1077; Hartford, CT 06143-1077

**EXHIBIT**

A

05/02/2019 12:32    #860 P.009/017

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

5-769-29855-0000030-001-02-000-000-000-000  *L24 1AF. 1*

FISHER, ANITA M
4652 HAYWARD RD N
OAKDALE MN 55128-2230

**Payments**
PO Box 54420; Los Angeles, CA 90054-0420

**Correspondence, Inquiries and Notices**
PO Box 1077; Hartford, CT 06143-1077

**Phone:** 866.570.5277
**Fax:** 866.578.5277
www.seterus.com

July 23, 2018
Loan number:
Serviced by Seterus, Inc.

CERTIFIED MAIL

RE: 4652 HAYWARD RD N
    OAKDALE, MN 55128-2230

Dear FISHER, ANITA M:

Your loan is in default due to non-payment of the following amount:

Amount Due:     $1,444.22
Amount Due By:  August 27, 2018 ("Expiration Date")

We hereby demand that you bring your loan up-to-date ("cure this default") by payment of the amount shown above. In addition, your regular payment may become due by the Expiration Date. The amount quoted may increase due to future installments that become due and/or fees that may be assessed.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before the Expiration Date, we will accelerate the maturity date of your loan and upon such acceleration, the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due there under, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default will result in acceleration of the sums secured by the mortgage and may result in the sale of the property securing the loan. If you send only a partial payment, the loan still will be in default. Additionally, we may keep the payment and accelerate the maturity date.

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive any term or provision of the loan.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. COLORADO: SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. NEW YORK CITY: 1411669, 1411665, 1411662. TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

L241AF.1

From:

FISHER, ANITA M
July 23, 2018
Loan number: ▮▮▮▮▮▮▮



You have the right to reinstate your loan after acceleration and the right to bring a court action or assert in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and sale. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277. For borrowers having difficulty making their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6 p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary

Sincerely,


Seterus, Inc.

IMPORTANT NOTE(S):
**This letter does not impact any loss mitigation offers that you may have recently received; you can still choose to accept that offer by responding as directed in that offer.**


Enclosure(s): SCRA Notice

EXHIBIT

B

177

1    out --

2        A.    Can we take a break?

3        Q.    What's that?

4        A.    I'm sorry, can I get some more water?

5        Q.    Sure.

6        A.    Sorry.

7              MR. EDWARDS:   Off at 1:44.

8              (Recess taken from 1:44 to 1:45.)

9              MR. EDWARDS:   Back on at 1:45.

10   BY MR. MAGINNIS:

11       Q.    Okay.   Ms. Jacob, I promise we'll be done

12   soon.

13            My understanding of your testimony just now

14   is that if Seterus receives a payment in response to

15   an NC Final, then the debt is no longer 45 days due

16   and so that's sufficient to hold off the

17   acceleration process?

18       A.    That's correct.

19       Q.    Okay.   And is that -- is that Seterus'

20   policy just with regard to North Carolina?

21       A.    That's Seterus' policy for the loans where

22   we are accepting payments and we're able to apply

23   full contractual payment to the loan.

24       Q.    Okay.   So in response to a letter like

25   Exhibit 11, Seterus' policy, if they're accepting

178

1     payments, is if they receive an amount equal to a

2     normal monthly payment, they will not accelerate the

3     debt?

4         A.   As long as, right, it brings the loan less

5     than 45 days due.

6         Q.   Okay.  Where does it say that in this letter

7     that you will do that?

8         A.   It says in -- well, this is, as we know, is

9     a North Carolina demand letter because the loan is

10    greater than 45 days past due.  We know the customer

11    made a payment after this letter was sent out, which

12    in the transaction history showed that it brought

13    the account closer -- less than 45 days past due,

14    which voided this entire letter.

15        Q.   Right.  So -- and I believe the monthly

16    payment for the Hagers was -- at this time was

17    somewhere between 1,400 and $1,500; does that sound

18    right to you?

19        A.   Somewhere around there.

20        Q.   Okay.  So Seterus' policy is if they made a

21    payment of a normal monthly payment, somewhere

22    between 1,400 or 1,500, that would void this letter?

23        A.   Or a partial payment which was then pulled

24    from suspense and whatever was sitting in suspense

25    would be applied to it.

179

1    Q.    Okay.  So if they had a thousand bucks in

2    the suspense account and they paid $500, that would

3    void this letter as an example?

4    A.    That's correct.

5    Q.    Okay.  Where does it say that in this letter

6    that if you make one payment or enough such that one

7    payment is recorded, we won't do this, or does it

8    say that?

9    A.    Well, the expiration date provides really

10   the -- the timeline where the customer needs to make

11   some sort of payment so that the 45 days are not

12   past due.

13   Q.    Not some sort of payment, $3,204.72, that's

14   what it says, right?

15   A.    Yes.  And we're allowing the customer, we're

16   also -- yes.  We would like the $3,204.72.  But our

17   objective is not to foreclose on our customers.  Our

18   objective is to be able to take -- even if it's a

19   partial payment, if where -- if they're in the

20   bucket where a partial payment can be made, our

21   objective is to collect that payment to help them

22   stay in their house.  Because them making payments,

23   staying in their house helps us in our business as

24   well.  Foreclosing on them is really not, you know,

25   helpful to us nor to them.

1       Q.    Yeah.

2       A.    And so therefore, this letter is sent out

3    per the guidelines that are outlined and we allow

4    the customer -- we allow the customer to make that

5    partial payment.  And then when a full -- if a

6    partial payment does not equal the contractual

7    payment, then your -- then this letter still --

8    still stands.  But because a contractual payment is

9    able to be applied to the loan account, then we

10   don't have to continue with the -- this letter.

11      Q.    Seterus doesn't want to foreclose?

12      A.    That's correct.

13      Q.    It's expensive at a minimum, correct?

14      A.    Sure.

15      Q.    You don't want to kick people out of their

16   homes?

17      A.    We don't.

18      Q.    People don't want to be kicked out of their

19   homes?

20      A.    That's correct.

21      Q.    Why doesn't it say that in the letter?

22      A.    In my business -- I mean in my role, I'm

23   just here to testify on this letter and identify

24   that we do -- we were taking payments from the

25   Hagers when they made partial payments.  They never



EXHIBIT

C

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:15-cv-222

MICHAEL A. HAGER and      )
CYNTHIA G. HAGER,          )
                               )
      Plaintiffs,           )      **NOTICE OF DEPOSITION TO**
                               )          **SETERUS, INC.**
   v.                          )
                               )
SETERUS, INC.,             )
                               )
      Defendant.          )

**TO:**   Jasmine K. Gardner
      BRADLEY ARANT BOULT CUMMINGS LLP
      Bank of America Corporate Center
      100 N. Tryon Street, Suite 2690
      Charlotte, North Carolina 28202
      Fax: 704.338.6077
      jgardner@bradley.com
      *Counsel for Defendant Seterus, Inc.*

    **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the undersigned counsel for Plaintiff will take the deposition of the designated corporate officials representing Defendant Seterus, Inc. (hereinafter "Defendant" or "Seterus") on the date, time and location listed below:

              Date:        July 11, 2016
              Time:        10:00 AM
              Location:   Maginnis Law, PLLC
                             4801 Glenwood Avenue, Suite 310
                             Raleigh, North Carolina 27612

    The deposition may be recorded by videotape and stenographic means before a duly authorized officer and will continue from day to day until completed.

1



PLAINTIFF'S
EXHIBIT
1
Jacob 7-19-16
FEDERAL 800-631-6989

# PRELIMINARY STATEMENT

The Defendant noticed in this deposition is obligated to produce a knowledgeable witness about the facts, issues and documents referenced in this document. It may require the designation of more than one person. For the purposes of this deposition, please consider the following precedential cases to be a summary of the requirements Plaintiffs contend Defendant has to meet to produce a knowledgeable witness(es) in this matter.

The corporate designee need not have firsthand knowledge of the events in question, but to make the deposition meaningful, the designee must be prepared to provide "complete, knowledgeable, and binding answers on behalf of the corporation." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989); *Vietnam Antitrust Litig.*, 216 F.R.D. 168 (D. D.C. 2003). Rule 30(b)(6) requires corporate parties to prepare their designee to testify with "reasonable particularity" as to areas of which it has knowledge, and as to those areas as to which it does not have knowledge, it must be prepared to introduce evidence explaining why it lacks such knowledge. *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996). Producing an unprepared witness for a Rule 30(b)(6) deposition is tantamount to failure to appear. *Remediation Products, Inc. v. Adventus Americas, Inc.* Case No. 3:07-cv-153 (W.D.N.C. September 30, 2010) *citing Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). The fact that such preparation may be burdensome or expensive will not suffice; instead, the burden is on the corporation to show that it is *unduly* burdensome or *unduly* expensive to so prepare. *Grevera v. Microsoft Corp.*, No 3:12-cv-261 (W.D.N.C. October 11, 2013).

The designee's preparation should include a review of prior fact witness deposition testimony as well as documents and deposition exhibits, even if that review would be burdensome. *Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36-37 (D. Mass. 2001); *Concerned Citizen v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004).

In cases where after depositions of a company's employees were taken, and then later Rule 30(b)(6) deposition notices are served that include topics partially covered in the previous corporate employee depositions, the courts have denied motions for protective orders seeking preclusion or limitation on the Rule 30(b)(6) deposition. *Foster-Miller; Inc. v. Babcock & Wilcox Canada*, 201 F.3d 1 (1st Cir. 2000) (burden on company to determine best designee to testify for corporation) (prior deposition of corporate fact witness did not preclude Rule 30(b)(6) deposition).

The case law is clear and unambiguous that Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition. *King v. Pratt & Whitney*, 161 F.R.D.475(S.D. Fla. 1995). The description contained within the 30(b)(6) notice simply identifies the minimum to which a witness must be prepared to testify, not the maximum. *Detoy v. City and County of San Francisco*, 196 F.R.D.362, 366 (N.D. Cal 2000); *King*, supra at 475. The primary objective of discovery is to ensure that lawsuits are decided by what the facts reveal, not by what facts are concealed. "Generally, evidence objected to shall be taken subject to objections. As a rule, instructions not to answer questions at a deposition are improper. The only exception to Rule 30 is where serious harm would be caused."

2

## Opinions

Rule 30(b)(6) requires an organization "must not only testify about facts within [its] knowledge, but also its subjective beliefs and opinions." *United States v. Taylor*, 166 F.R.D. 356, 361-63 (M.D.N.C. 1996).

## Knowledge of Organization

Rule 30(b)(6) was intended to prevent serial depositions of various witnesses without knowledge from an organization and eliminate 'bandying," which is when several people are deposed but each in turn disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself. Fed. R. Civ. P. 30(b)(6), Advisory Committee Note: 1970 Amendment. [T]he purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the opposing party, not to simply get answers limited to what the deponent happens to know." *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 148, 152 (D.D.C. 1999).

If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb.1995) (citing *Marker [v. Union Fid. Life Ins. Co.]*, 125 F.R.D. [121,] 126 [(M.D.N.C.1989)]). Rule 30(b)(6) explicitly requires [an organization] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business. *United States v. Taylor*, 166 F.R.D. 356, 361-362 (M.D.N.C.1996).

## Duty to Prepare

An organization cannot avoid its Rule 30(b)(6) obligations by "sticking its head in the sand" and refusing to look for the answers and then saying it does not know the answer. *In re Indep. Service Orgs. Antitrust Litig.*, 168 F.R.D. 651 653 (D. Kan. 1996). If the representative(s) cannot testify as to the corporation's collective information on the matters requested, then the corporation and/or its attorneys must collect the information and prepare the representative(s) so that the representative(s) can give complete, knowledgeable, and binding testimony. *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626. 638 (D. Kan. 1999). A thorough, 'reasonable" investigation may require an organization to rely on business records, other documents, interviews with present and former employees and the like. *United States v. Taylor*, 166 F.RD. 356, 361, affirmed, 166 F.R.D. 367 (M.D.N.C. 1996). Imposing a duty to prepare its representative(s) ensures that an organization will not ambush an opponent by conducting half-hearted inquiry before the deposition but a thorough and vigorous one before trial. *Id.* at 362.

3

## No Objection because Difficult to Prepare

An organization cannot simply object to a Rule 30(b)(6) deposition, because the required investigation would be 'difficult' or 'time consuming.'" *Buycks-Roberson v. Citibank Federal Savings Bank*, 162 F.RD. 338. 343 (N.D. III. 1995). Even if corporate documents are voluminous and the review of those documents would be burdensome, a representative may still be required to review them in order to prepare for the deposition; such preparation is necessary because the individuals so deposed are required to testify to the knowledge of the corporation, not the individual. *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.RD. 33 (D. Mass. 2001).

## Former Employees

If the corporation no longer employs individuals who have memory of distant events or such individuals are deceased, this "still does not relieve corporation from preparing designee for deposition of corporation to extent matters are reasonably available, whether from documents, past employees, or other sources; while corporation may plead lack of memory, if it wishes to assert positions based on testimony from third parties, or their documents, designee still must present opinions as to why corporation believes the facts should be so construed. *United States v. Taylor*, 166 F.R.D. 356, affirmed, 166 F.RD. 367 (M.D.N.C. 1996).

## More than one Designee

A party has a duty to designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry that is specified with reasonable particularity. *Alexander v. Federal Bureau of Investigation*, 186 F.RD. 148, 151 (D.D.C.1999).

## Diligent Effort to Designate

Defendant Seterus is advised pursuant to Rule 30(b)(6), to serve on the parties, a designation specifying one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and setting forth, for each person designated, the matters on which she/he will testify or produce documents or things. The person so designated shall testify as to matters known or reasonably available to the organization.

## INSTRUCTIONS AND DEFINITIONS

1. "Plaintiffs" means Michael A. Hager and Cynthia G. Hager, and their agents, attorneys, and representatives.

2. The term "Defendant," as well as Defendant's full or abbreviated name or a pronoun referring to Defendant Seterus, shall include Seterus, Inc., all holdings of Seterus, and all agents, representatives, employees, attorneys, or other persons acting for or on behalf of Defendant. The term "Defendant" further refers to any previous legal entities of which Seterus is the successor, including all agents, representatives, employees, attorneys or other persons acting for or on behalf of such previous legal entities.

4

3. "Plaintiffs' Numbers" shall mean the telephone numbers that belong or used to belong to Plaintiff(s), including (828) 245-6766, (828) 245-6374, and (704) 477-8925.

4. All other terms shall have the same meaning as identified in Plaintiffs' Complaint and/or Plaintiffs' First Set of Interrogatories to Defendant Seterus, Inc.

5. The terms "relating to", "relate to", "referring to" and "refer to" as used herein shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure.

6. The terms "communication" and "communications" mean all written and/or oral inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, and e-mail.

7. The term "document" or "documents" is used in its broadest sense to include all material contemplated under Rule 34(a) of the Federal Rules of Civil Procedure, including, but not limited to "documents," "other tangible things," and any papers, or writings including drafts, and any mechanical or electronic recordings or records of any kind in your possession, custody and control, or of which you have knowledge, wherever located, whether an original or a copy, including agreements, financial statements, invoices, minutes, memoranda, e-mails, notes, records, medical or scientific articles or papers, interoffice communications, tapes or other records, telegrams, letters, photographs, drawings, data, reports, printed matter, publications, offers, bids, proposals or statements.

8. The terms "and", "and/or" and "or" are used inclusively, not exclusively and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Matters set forth herein any information which might otherwise be construed to be outside their scope.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. Basic information pertaining to Seterus' corporate history, including its organizational structure, owners, whether it has ever been purchased, its assets and liabilities, whether its assets have been purchased, whether its liabilities have been assumed, and any holding companies associated with Seterus.

2. Information concerning Seterus' operation and business model pertaining to the purchase and/or servicing of consumer debts, including information as to how Seterus services loans that are acquired while in a state of default, the composition of your loan portfolio(s), including but not limited to the proportion of loans that you own and/or service that were acquired while in a state of default, and basic information pertaining to the revenue and/or profit generated from the same.

5

3. Defendant's policies and procedures for ensuring compliance with the Fair Debt Collection Practices Act and/or the North Carolina Collection Agency Act.

4. Defendant's policies and procedures regarding the use of "suspense accounts."

5. Defendant's policies and procedures for accelerating consumers' debt obligations.

6. Defendant's policies and procedures for initiating foreclosure proceedings.

7. Defendant's policies and procedures for assessing fees, including late fees.

8. Defendant's policies and procedures for ensuring compliance with consumers' deeds of trust and/or promissory notes in the collection of debt.

9. Defendant's policies and procedures for reviewing and/or auditing its collection policies and procedures with regard to consumers' deeds of trusts.

10. Defendant's policies and procedures for hiring third parties to conduct property inspections and/or assessing property inspection fees.

11. Defendant's policies and procedures for collecting upon consumer debts, including but not limited to its use of telephonic communications and written correspondence.

12. Defendant's policies and procedures for recording telephone conversations with consumers and third parties.

13. Defendant's policies and procedures for document retention and destruction.

14. All training provided to Defendant's employees relating to the collection of any alleged debt during the Relevant Time Period.

15. Information concerning the specific background and history of the Loan and Seterus' purchase and servicing of the same, including detailed background regarding the circumstances surrounding your acquisition of the Debt.

16. A detailed explanation of any review, investigation, or audit by you in regards to the Loan and/or Debt, Deed of Trust, and Promissory Note.

17. Information concerning the specific employees or agents who have communicated with Plaintiffs, or either of them, the content of any such communications, and the location and content of documents pertaining to or containing any such communications.

18. Information concerning the system(s) Defendant maintains, operates, or has maintained at any relevant time to record contacts of your employees or agents with consumers in connection with the collection of debt.

19. A full description of any automatic or automated processes in place to alert individuals of any amount allegedly owed to you, including loan/mortgage payments, late fees, inspection fees, or any other amount alleged to be owed.

20. Information concerning the date, substance, and specific employee(s) or agents involved in sending or responding to written correspondence sent to or received from Plaintiffs, including any statements, invoices, statement of accounts, statement of amounts owed, or any other correspondence.

21. The specifics of Defendant's communications with Plaintiffs, including the purpose for each and every telephone call or written correspondence to Plaintiffs or Plaintiffs' Numbers.

22. Information concerning the dates, substance, and specific employee(s) or computer system(s) involved in sending written correspondence to Plaintiffs.

23. A detailed explanation and accounting of any and all payments made from Plaintiffs during the Relevant Time Period, including information pertaining to each instance in which Plaintiffs were alleged to have failed to make, or been late in making Loan payments or any other payment.

24. The specifics of any recorded communications with Plaintiffs and the substance of each such recording.

25. Each and every association(s) and/or contractual relationship(s) with any entities, contractors or sub-contractors which Defendant engaged or employed to provide property inspections in connection with the Property.

26. The factual basis for the answering and/or denial of any part of Plaintiffs' Complaint.

27. The factual basis for any affirmative defense to which Defendant contends it is entitled in this matter.

28. Defendant's Answers and Supplemental Answers to Plaintiffs' First Set of Interrogatories to Defendant and Defendant's Answers and Supplemental Answers to Plaintiffs' First Request for the Production of Documents to Defendant, including all documentation identified or produced by Defendant.

29. A detailed explanation of all documentation produced by Defendant in discovery.

30. Previous lawsuits filed against Defendant in which it was alleged Defendant violated the Fair Debt Collection Practices Act and/or the North Carolina Collection Agency Act.

7

Respectfully submitted this the _24th_ day of June, 2016.

MAGINNIS LAW, PLLC
*Counsel for Plaintiffs*

BY:

EDWARD H. MAGINNIS
N.C. State Bar No. 39317
ASA C. EDWARDS IV
N.C. State Bar No. 46000
KARL S. GWALTNEY
N.C. State Bar No. 45118
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone:    919.526.0450
Fax:          919.882.8763
emaginnis@maginnislaw.com
aedwards@maginnislaw.com
kgwaltney@maginnislaw.com

8

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:15-cv-222

| | |
|---|---|
| MICHAEL A. HAGER and<br>CYNTHIA G. HAGER,<br><br>           Plaintiffs,<br><br>    v.<br><br>SETERUS, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

        The undersigned counsel hereby certifies that he has this day served a copy of the foregoing
NOTICE OF DEPOSITION TO SETERUS, INC. upon all parties set forth below via facsimile,
email, and by depositing the same into the exclusive care, custody and control of the United States
Postal Service in a postage-paid envelope addressed to the following:

Jasmine K. Gardner
BRADLEY ARANT BOULT CUMMINGS
LLP
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, North Carolina 28202
Fax: 704.338.6077
jgardner@bradley.com
*Counsel for Defendant Seterus, Inc.*

        This the 24th day of June, 2016.

Karl S. Gwaltney

9

**EXHIBIT**

**D**

# seterus™

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Payments**
PO Box 7162; Pasadena, CA 91109-7162

**Correspondence**
PO Box 2008; Grand Rapids, MI 49501-2008

**Phone**
866.570.5277

**Fax**
866.578.5277

**Website**
www.seterus.com

October 17, 2012

*L724K*

HAGER, CYNTHIA GAIL
669 SUTTLES RD
ELLENBORO, NC  28040

RE:  Loan No.: ▊▊▊▊, serviced by Seterus,Inc.

Your loan is in default due to non-payment of the amount below.

Amount Due:     $3,204.72
Amount Due By: December 6, 2012  ("Expiration Date")

**PLAINTIFF'S EXHIBIT**
FSR/AD 800-681-0888
11 ddr
Jacob  7-19-16

We hereby demand that you bring your loan current ("cure the default") by paying the amount shown above. In addition, your regular payment may become due by the Expiration Date.  You also should be aware that the delinquent amount of principal continues to accrue interest.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order, on or before the Expiration Date, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE indebtedness of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.  Acceleration of the sums secured by the mortgage also may result in the sale of the premises.  Any such action will not take place before 45 days from the date of this notice.

If you send only a partial payment, the loan still will be in default and we may keep the payment and still will accelerate the maturity date.

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE,  WE AND THE LOAN OWNER  INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. ADDITIONAL FEES SUCH AS FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

This notice of our intent to foreclose has no effect on your right to dispute the debt in writing as indicated in the debt validation letter we sent to you on October 17, 2012.  The Fair Debt Collection Practices Act does not require us to wait until the end of the 30-day validation period before attempting to collect this debt.  If, however, you request proof of the debt or the name and address of the original creditor within the 30-day

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT, BUT NOTICE OF POSSIBLE ENFORCEMENT OF OUR LIEN AGAINST THE COLLATERAL PROPERTY. **COLORADO**: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 302, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY**: 1331537, 1340663, 1340148. **TENNESSEE**: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR.

Seterus-01-002629    Page 1 of 5

HAGER, CYNTHIA GAIL
October 17, 2012
Loan Number: ▮▮▮▮▮▮▮

period upon your receipt of the debt validation letter, the law requires us to suspend our efforts to collect the debt until we mail the requested information to you.

Page 2 of 5

Seterus-01-002630

HAGER, CYNTHIA GAIL
October 17, 2012
Loan Number: ███████

The following is an itemization of all past due amounts causing your loan to be in default, plus all charges that must be paid in order to bring your loan current:

Past Due Installment:

|  | Totals |
|---|---|
| Principal | $459.04 |
| Interest | 2,406.60 |
| Escrow Installment | 0.00 |
|  | $2,865.64 |

Other Open Charges:

|  | |
|---|---|
| Late Charges | 381.39 |
| Property Inspections | 15.00 |
|  | $396.39 |
| Less Suspense (Balance) | $57.31 |
| **TOTAL** | **$3,204.72** |

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive any term or provision of the loan. The status of your loan may be reported to credit reporting agencies.

You have the right to reinstate your loan after acceleration and the right to bring a court action or assert in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and sale. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

North Carolina law requires that we provide the following notices:

Options may be available to avoid foreclosure. You may discuss such options with us or a counseling agency approved by the United States Department of Housing and Urban Development (HUD). You may contact us in writing at PO Box 2008; Grand Rapids, MI 49501-2008; you may also call us at 866.570.5277. The following are some of the HUD-approved counseling agencies operating within North Carolina:

Seterus-01-002631

HAGER, CYNTHIA GAIL
October 17, 2012
Loan Number: ███████

| Agency Name | Phone, Toll-free, Fax, Email and Website | Address |
|---|---|---|
| CCCS OF GREATER GREENSBORO (NC Foreclosure Prevention Fund) | **P:** 336.373.8882<br>**T:** 888.755.2227<br>**F:** 336.387.9167<br>**W:**www.familyservice-piedmont.org | 236 N. Mebane Street<br>Burlington, North Carolina  27217 |
| THE HOUSING PARTNERSHIP OF CHARLOTTE-MECKLENBURG | **P:** 704.342.0933 or 704.377.HOME (4663)<br>**F:** 704.342.2745<br>**W:** www.cmhp.org | 4601 Charlotte Park Drive<br>Suite 350<br>Charlotte, North Carolina 28217 |
| CONSUMER CREDIT COUNSELING SERVICE OF WNC, INC. - DBA - ONTRACK FINANCIAL EDUCATION & COUNSELING | **P:** 828.255.5166.110<br>**T:** 800.737.5485<br>**F:** 828.255.5129<br>**W:** www.ontrackwnc.org | 50 S French Broad Ave Ste 227<br>Asheville, North Carolina 28801 |
| NACA (NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA) RALEIGH, NC | **P:** 919.855.8484<br>**T:** 888.297.5568<br>**E:** snesbitt@naca.com<br>**W:** www.naca.com | 3109 Poplarwood Court<br>Suite 110<br>Raleigh, North Carolina 27604 |
| MONROE-UNION COUNTY COMMUNITY DEVELOPMENT CORPORATION | **P:** 704.283.8804<br>**F:** 704.292.1037<br>**E:** gmuccdc@carolina.rr.com<br>**W:** www.muccdc.com | 349 East Franklin Street<br>Monroe, North Carolina  28110 |
| GREENVILLE HOUSING AUTHORITY | **P:** 252.329.4000<br>**F:** 252.329.4026<br>**W:** www.ghanc.net | 1103 Broad Street<br>Greenville, North Carolina  27834 |

Please note: The counseling agencies listed above are not affiliated with us. We are receiving no payment or compensation of any kind for mention of them in this letter. We do not endorse any particular counseling agency. We would be pleased to work with you and any approved counseling agency assisting you with your loan. For a complete list of HUD-approved counseling agencies operating within North Carolina, you can access the HUD website directly at www.hud.gov or through the link provided on our website at www.seterus.com.

Seterus-01-002632

HAGER, CYNTHIA GAIL
October 17, 2012
Loan Number: ████████

The contact information for the consumer complaint division of the North Carolina Office of the Commissioner of Banks:

Location: 316 W Edenton St., Raleigh, NC  27603
Mailing:  4309 Mail Service Center, Raleigh, NC  27699-4309
Phone:    888.384.3811
Fax:      919.733.6918
Website:  http://www.nccob.org

If you have any questions, please contact us at 866.570.5277.

Sincerely,

Seterus, Inc.

Seterus-01-002633

# seterus™

## United States Department of Housing and Urban Development Servicemembers Civil Relief Act Notice

### Legal Rights and Protections Under the SCRA

- Servicemembers on "active duty" or "active service," or a dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 U.S.C App. 501, et seq.) (SCRA).

### Who May Be Entitled to Legal Protections Under the SCRA?

- Active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, and active service National Guard;
- Active servicemembers of the commissioned corps of the National Oceanic and Atmospheric Administration;
- Active servicemembers of the commissioned corps of the Public Health Service;
- United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action; and
- Dependents of the above (e.g., spouse or children).

### What Legal Protections Are Servicemembers Entitled to Under the SCRA?

- The SCRA states that a debt incurred by a servicemember, or spouse jointly, prior to entering military service shall not bear interest at a rate above 6 percent during the period of military service and until one year after the end of such service.
- The SCRA states that in a legal action to enforce a debt against real estate that is filed during, or within 9 months after the servicemember's military service, a court may stop the proceedings for a period of time, or adjust the debt. In addition, the sale, foreclosure, or seizure of real estate shall not be valid if it occurs during, or within 9 months, after the servicemember's military service unless the creditor has obtained a court order approving the sale, foreclosure, or seizure of the real estate.

### How Does a Servicemember or Dependent Request Relief Under the SCRA?

- A servicemember or dependent, or both, may request relief under the SCRA by providing the lender/servicer a written notice with a copy of the servicemember's military orders.

Seterus, Inc.
PO Box 2008
Grand Rapids, MI 49501-2008

### How Does a Servicemember or Dependent Obtain Information About the SCRA?

- The U.S. Department of Defense's information resource is "Military One Source." Web site: http://www.militaryonesource.com. The toll-free telephone numbers for Military One Source are: From the United States: 1-800-342-9647. From outside the United States (with applicable access code): 800-342-9647-7. International Collect: 1-484-530-5908.
- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for each branch of the armed forces is available at: http://legalassistance.law.af.mil/content/locator.php.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT, BUT NOTICE OF POSSIBLE ENFORCEMENT OF OUR LIEN AGAINST THE COLLATERAL PROPERTY. **COLORADO**: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 302, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY**: 1331537, 1340663, 1340148. **TENNESSEE**: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR.